# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOVIA DIEZ MARTIN,

    Defendant.

Case No. CR07-391RSM

ORDER GRANTING IN PART DEFENDANT'S MOTION TO REDUCE SENTENCE

This matter comes before the Court on Defendant's 18 U.S.C. § 3582(c)(2) "Motion and Memorandum to Reduce Sentence" (Dkt. # 40). Defendant asks the Court to reduce his 136-month sentence to 95 months pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, and Amendment 750 to the United States Sentencing Guidelines. The Court GRANTS the motion IN PART. Defendant's sentence is reduced to 105 months.

## I. BACKGROUND

Defendant pleaded guilty on December 20, 2007, to three separate counts as contained in the indictment. Counts one and two involved possession of cocaine base in the form of crack cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(b)(iii). Count three charged the defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In his plea, he acknowledged that he possessed with intent to distribute at least 61 grams of crack cocaine. He also admitted being in possession of two handguns. Dkt. # 23. Each drug count carried a five-year mandatory minimum term and a maximum term of forty years. The firearm charge carried a maximum term of ten years. As part of the plea agreement,

the government agreed not to file an enhanced penalty alleging the Defendant's prior felony drug activity. Had such an enhancement been filed, the Defendant would have faced a mandatory minimum sentence of ten years if convicted of either drug offense as charged in counts one and two.

At sentencing, the Court determined a base offense level of 32 for the drug offenses and concluded that the offense level for the firearm offense was 24. Pursuant to USSG § 3D1.2(a)-(c), the three offenses were grouped and, as a result, the offense level for the two drug offenses was used. Adjusting downward for Defendant's acceptance of responsibility, the Court scored Defendant's net offense level at 29. With a lengthy criminal history the defendant fell into category IV. Defendant's range under the Guidelines was determined to be 121 to 151 months. U.S.S.G. Sentencing Table. Noting that Defendant had "a lengthy criminal history" and the fact that he appeared to have "little regard for the personal safety of others" as well as the fact that he was viewed as a "danger to the community given his involvement in the death of Anthony Hefa, his continued drug dealing, and the use of alcohol," the probation officer recommended a mid range sentence of 136 months. The government requested that the Court impose a sentence of 144 months while the defense argued for a sentence of 84 months. The Court, noting that defendant had committed a series of very serious violations within a short period of time, ultimately sentenced Defendant to a 136-month custodial term for each drug offense and 120 months for the firearm offense, all to run concurrently with each other. Dkt. # 29.

## II. DISCUSSION

**A. Eligibility**

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007). Section "3582(c)(2) creates an exception to this rule by allowing modification of a term of imprisonment if: (1) the sentence is 'based on a sentencing range that has subsequently

ORDER GRANTING MOTION TO MODIFY SENTENCE - 2

been lowered by the Sentencing Commission' and (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" United States v. Wesson, 583 F.3d 728, 730 (9th Cir. 2009); see U.S.S.G. § 1B1.10(a) (the policy statements).

In this case, the parties agree that Defendant satisfies both prongs. Defendant was sentenced pursuant to § 2D1.1, which was amended by Amendment 750 on November 1, 2011. As revised, Defendant's base offense level would now score as a 26 (not 30). When combined with the other applicable guideline applications, as required by Section 1B1.10(b)(1), the total offense level is 25 (not 29). Based on Defendant's criminal history category of IV, the resulting guideline range is 84 to 105 months.

**B. Discretion**

Having determined that Defendant is eligible for a reduction, the Court must consider whether a reduction is "warranted in whole or in part under the particular circumstances of the case." Dillon v. United States, 130 S. Ct. 2683, 2692 (9th Cir. 2010). In doing so, the Court must consider the familiar 18 U.S.C. § 3553(a) factors, § 3582(c)(2), as well as "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment, and "may consider post-sentencing conduct." § 1B1.10 cmt. 1.

The Court has, as it did previously, again considered each of the § 3553(a) factors. And, again, several circumstances remain at the forefront. The first is Defendant's violent criminal past, including the shooting death of Hefa when Defendant was but 20 years old. The second is the lengthy criminal history involving multiple offenses with firearms. Third, is the danger posed by the Defendant to the community because of his continued use of drugs in combination with his ongoing possession of firearms. As the Court stated at sentencing;

> [I]n this particular case we're not just talking about one gun. As indicated, we're talking about multiple guns; so the point that he's had guns in the past, that he's threatened people, he's intimidated people with those

particular guns and those guns are being used, in the Court's opinion and also, as the facts of this case I think bear out, to fuel his drug activity, which makes him even more dangerous.

These concerns still resonate with the Court. Additionally, the Court was aware that the government had made substantial concessions in not filing the enhanced penalty information based on its estimation of the anticipated guideline range as well as refraining from charging Defendant with a 924(c) charge for carrying a firearm during and in relation to a drug trafficking crime. Had both of these been filed, Defendant would have faced a mandatory minimum sentence of 180 months if convicted as charged.

Still, the Court recognizes that Defendant has shown both a desire and an intent to break with his past. He has completed the drug education program at FCI Sheridan, has obtained his GED and is continuing to pursue vocational training while incarcerated. The Court hopes that these steps prove to be just the first of many in a successful effort to "prevent the chain of events" as the defendant indicates in his letter to the court, that gave rise to his offense conduct.

Accordingly, on balance, the Court finds that "the particular circumstances of the case" warrant a reduction "in part." Dillon, 130 S. Ct. at 2692. The Court exercises its discretion to reduce Defendant's sentence to 105 months.

### III. CONCLUSION

For all of the foregoing reasons, Defendant's motion is GRANTED IN PART. Pursuant to § 3582(c)(2), Defendant's imposed sentence of imprisonment is reduced to 105 months on each count to run concurrently. The Court directs the Government to provide chambers with an amended judgment order form reflecting this change.

DATED this 3 day of April 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE